## UNITED STATES v. SCHLATTER et al.

### (District Court, S. D. California, S. D.    July 3, 1916.)

### No. 1110.

POST OFFICE ⬤→48(4)—OFFENSE—WHAT CONSTITUTES.

Criminal Code (Act March 4, 1909, c. 321) § 215, 35 Stat. 1130 (Comp. St. 1913, § 10385), declares that whoever, having devised any scheme to defraud or of obtaining money or property by means of false or fraudulent pretenses, shall, for the purpose of executing such scheme, use the mails, is guilty of an offense. An indictment averred that defendants conspired together to contrive and consummate a scheme through which, by the medium of alleged divine healing, they could obtain money from afflicted persons, and that in pursuance of such scheme they used the mails, well knowing that their claims were false. *Held* that, while mental or divine healing is legal, the indictment charged an offense; it alleging that defendants knew that their claims to effect cures were wholly false.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. § 72; Dec. Dig. ⬤→48(4).]

Francis Schlatter, A. Schrader, and ·Gus Algard were indicted for violating the postal laws. On demurrer to the indictment by A. Schrader. Demurrer overruled.

Defendant Schrader demurs both generally and specially, to the indictment herein. He is charged, along with the two other individuals above named, with the crime of conspiracy, to violate section 215 of the federal Penal Code, and it is alleged at some considerable length, owing to the nature of the conspiracy, that he and his coconspirators, together with others not known to the grand jury, combined, conspired, and confederated together to defraud numerous persons, many of them unknown to the grand jury, and being such persons as could be induced to believe the false and fraudulent misrepresentations of defendants, and to cause them to yield up to the said defendants their money and property in virtue and because of the fraudulent representations to be made by the defendants.

Briefly, the scheme devised and contrived by the defendants, as alleged in the indictment, was that they would induce any and all persons whom they could induce to communicate with them to believe that they could and would cure almost all manner of known diseases by and through the medium of divine power. Specifically, for instance, it was alleged that the defendants conspired to represent to credulous ones, with whom they could get into communication, that they could and would bless a handkerchief, and that, if a person afflicted would apply such handkerchief to the afflicted portion of such person's body, he or she would thereby become cured. This, of course, was to be for a quid pro quo; not necessarily certain or definite in amount, but such a sum as the one seeking a cure felt justified in contributing.

The indictment specifically alleges that the defendants could not cure any kind or sort of disease by divine power, and that they knew they could not effect such cures in such wise, and that they knew that persons affected with disease could not be cured by the placing of a blessed or other handkerchief upon their afflicted parts. It is also alleged that the defendants represented that they had cured many people of various kinds of disease, whereas in truth and in fact that they had not cured any person of any disease. It is further alleged that the defendants well knew that the scheme which they had contrived, and which they were executing, as alleged in the indictment, was in-

tended by them to be used for the sole purpose of obtaining money and property from the persons intended to be defrauded, by means of the false and fraudulent representations set out in the indictment so that the defendants could convert such money and property, so obtained, to their own use and benefit, and without returning anything of value to the persons so intended to be defrauded.

Apt allegations are made with reference to the intention to use the mails of the United States in furtherance of the scheme to defraud, and of the actual use of such mails, and of the commission of overt acts in furtherance of the conspiracy, and necessary to bring it within the inhibitory provisions of the Penal Code of the United States.

Albert Schoonover, U. S. Dist. Atty., and J. Robert O'Connor, Asst. U. S. Dist. Atty., both of Los Angeles, Cal.

A. A. Sturges, of Los Angeles, Cal., for defendant Schrader.

BLEDSOE, District Judge (after stating the facts as above). Substantially, then, the charge against the defendants is that, with the knowledge that they could accomplish no cures, and with the deliberate intention to defraud, they conspired together to contrive and consummate a scheme wherein and whereby, through the medium of alleged divine healing, they would obtain and convert to their own enrichment the money and property of such persons as might be sufficiently gullible as to be attracted by their specious and alluring promises of relief, all the while intending that such persons should receive no return for their money and property, save that comprehended in a dismal and costly experience. As a part and parcel of the scheme, and in furtherance thereof, it is alleged that they intended to, and actually did, make use of the mails of the United States. This, in my judgment, states a complete offense (Durland v. United States, 161 U. S. 306, 313, 16 Sup. Ct. 508, 40 L. Ed. 709); and, if the proofs be made in adequate support of the allegations in the indictment, there is no doubt, in my mind, but that the defendants should suffer punishment therefor.

The point made in the brief of defendant's counsel apparently is that the defendant is and professed to be nothing more than a Divine Healer, and that divine healing has been practiced since the time of Christ, and in some form or other is practiced now by many reputable and widely recognized individuals and cults. That mental healing, or even divine healing, per se, is, under the laws of the land, as lawful as healing with drugs, or by massage, or other media, is true. Post v. United States, 135 Fed. 1, 9, 67 C. C. A. 569, 70 L. R. A. 989. But it is not true, never has been true, and never will be true, that fraud can be glossed over or rendered reputable in the eyes of the community merely because it is associated with, or a feature of, some undertaking otherwise lawful in its nature and innocuous in its effect. In other words, the mere fact that a fraudulent scheme centers about divine or other healing does not in any wise or sense serve to take it out of the domain of a fraudulent scheme, and if, in furtherance of such a scheme conceived in fraud, the mails of the United States

are made use of, without doubt, by whomsoever conceived or consummated, the perpetrators of such schemes should receive prompt and merited condemnation and punishment. It is therefore no answer to the crime charged in this indictment to assert that the defendants were engaged in the praiseworthy vocation of divine healing. That in no wise answers the charge that, with a knowledge that they were rendering no service at all to their "patients," and with the deliberate intention on their part to defraud their patients, they were using the mails of the United States in aid of their scheme to separate their patients from their money.

The whole question, without doubt, revolves around the proposition as to the good faith of these defendants. If they were acting in good faith in their promise to bring the bloom of health back to the cheek of him who might make use of one of their blessed handkerchiefs, then, as this court had occasion to charge the jury in United States v. Elder et al., "no matter how visionary their view may have been, no matter how ill-founded their conclusions may have been, no matter how much sheer incompetence in the exercise of judgment may have been their portion," they are not liable to prosecution as for the perpetration of a fraud upon those who became their dupes. The simple query in the case is: Were they actuated by good faith? The indictment says they were not, but, on the contrary, were moved by an intent to defraud. In the face of such an allegation, they cannot claim that no crime is charged against them.

The demurrer to the indictment is overruled.